USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/09/2020

**akerman**

The Victor Building
750 9th Street, N.W., Suite 750
Washington, DC  20001

T: 202 393 6222
F: 202 393 5959

October 9, 2020

**BY ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Craig Zabala*, 20 MAG 10194

Dear Judge Netburn:

    I represent Craig Zabala in the above-referenced matter.  I am writing to request that the Court modify Mr. Zabala's bail conditions to require (i) one co-signer to his appearance bond and (ii) an additional requirement that he report to Pretrial Services twice per week (instead of the current once-per-week requirement set by Pretrial Services).  I have also consulted with the government, which consents to this request for modification to Mr. Zabala's bail conditions.

    Over the last two weeks, we have made our best efforts to obtain a second co-signer to the bond.  *See, e.g.*, ECF 6 and 8.  In addition to his brother, we have asked Mr. Zabala's closest living relatives (his sister and his cousin), his domestic partner, a good friend, and a business associate to co-sign the $1 million bond.  There have been extenuating circumstances for each person who has responded to us.  These individuals are senior citizens who reported that they did not believe they were in a position to undertake the bond's legal obligations because of their financial or other personal circumstances.  Only one individual, Mr. Zabala's business associate whom we approached through his lawyer on Monday of this week, did not respond to the substance of our request, and his lawyer informed us this morning that he no longer represents the business associate.  We do not believe there are any other individuals whom we can reasonably approach to request to serve as a second co-signer of the bond.

    Understanding the Court's concern about the importance of moral suasion, I propose to rely on Mr. Zabala's brother, James, to fulfill that role with respect to Craig.  Through the attached declaration of Jim Zabala, I can provide the Court with more information than was available for the Court's consideration during the initial bail hearing.  Jim, 58, is a retired contracting officer, who worked for the City of Los Angeles for thirty years.  During his career,

Jim Zabala oversaw the contracts administration work necessary for the awarding of major projects such as the construction of the Los Angeles Police Administration Building.  At times, Jim led a unit containing thirty or more city employees.  After his retirement from his job with the City of Los Angeles, Jim has provided research to Craig for use in scholarly articles that have been published in publications such as American Affairs Journal.

  Jim Zabala can exercise moral suasion over Craig Zabala's compliance with the bail conditions, because (i) he speaks with Craig multiple times every day, (ii) Jim has had a close relationship with Craig for 58 years, and (iii) any non-compliance by Craig with the bail conditions would financially ruin Jim and his fiancée.  Most of Craig's family has passed away, he has no children, and Jim is the relative with whom he speaks the most.  In his declaration, Jim describes how he would lose his life savings with little hope of recovery if Craig did not comply with the bond and how he has had several emotional conversations with Craig about how much is at stake for Jim and his fiancée in Craig complying with the bail conditions.  Meanwhile, Craig is very concerned with not doing anything that could possibly inflict that kind of harm on his brother (his closest living relative) and his brother's fiancée.  The moral suasion of Jim Zabala is even greater because he alone has co-signed the bond and he will suffer the consequences without the benefit of any second co-signer.  Under these circumstances, I respectfully submit that the co-signing of Jim on the bond will provide the moral suasion necessary to ensure Craig's compliance with the bail conditions.

  Craig Zabala understands the importance of complying with the bail conditions and how he would forever alienate not only his brother and his brother's fiancée if the bond were revoked, but also the few remaining family members he has left.  Craig Zabala has had a long career in business and academia (including teaching stints at University of California, Berkeley and Rensselaer Polytechnic Institute), and he is well aware of the devastating effects that will fall on his brother and his brother's fiancée if he does not fully comply with the bail conditions.  Mr. Zabala does not have substantial assets, and he would be alone at the age of 68 if he lost the trust and support of his last remaining family members and friends.

  Finally, I understand the Court's concern that the GPS monitoring is not the least restrictive condition for bail and want to propose an alternative for the Court's consideration in light of his domestic partner's decision to decline to sign the bond.  I propose that the Court order an additional requirement that Craig check in with Pretrial Services twice per week instead of once per week, as Pretrial Services is currently requiring.  That additional requirement would provide additional assurance to the Court and Pretrial Services that Mr. Zabala is complying with his bail conditions and remains in the district to answer the charges against him.   This option would be less restrictive than GPS monitoring, and would help to provide the least restrictive conditions necessary to ensure Craig Zabala's appearance at trial.

I consulted with Joshua Naftalis, who informed me that the government consents to this request to modify the bail conditions. Thank you for your consideration of this issue.

> Respectfully submitted,
>
> /s/ Michael Kelly
>
> Michael Kelly

cc: Joshua Naftalis, AUSA

Enclosures

---

The request is GRANTED. Defendant's bond is modified to include one financially responsible person, the Defendant's brother is to sign the bond for moral suasion, and the Defendant is to report to Pretrial Services twice a week.
**SO ORDERED.**

October 9, 2020
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge